UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMANDA ZABIC,

       Plaintiff,

v.                                    CASE NO.: _____

VERIZON WIRELESS SERVICES, LLC, A
FOREIGN LIMITED LIABILITY COMPANY, AND
CELLULAR SALES OF KNOXVILLE, INC.,
A FOREIGN CORPORATION,

       Defendants.

_____/

## NOTICE OF REMOVAL

COMES NOW, Defendant, CELLULAR SALES OF KNOXVILLE, INC., (hereinafter "Cellular Sales") by and through its attorney, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes this matter from the Circuit Court of the Thirteenth Judicial Circuit of Florida, in and for Hillsborough County, Florida, to the **United States District Court for the Middle District of Florida, Tampa Division**, and in support thereof state as follows:

### I.    The Procedural Requirements For Removal Have Been Satisfied

Defendant has complied with the requirements of 28 U.S.C. § 1446 and Local Rule 4.02 in that:

A.    Accompanying this Notice of Removal is composite Exhibit "A"[1] that contains a copy of all process, pleadings and orders served upon Defendant(s), as

---

[1] Exhibit "A" / pleadings filed to date

required by 28 U.S.C. § 1446(a). Additional pleadings, process and orders and other papers or exhibits of every kind, filed with the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, as required by Local Rule 4.02 have been requested and will be filed upon receipt.

B.    This Notice of Removal is being filed within thirty (30) days after receipt of service of process whereby this matter first became removable, as required by 28 U.S.C. § 1446(b).  *See Boulet v. Millers Mutual Insurance Assoc. of Illinois,* 36 F.R.D. 99 (D. Minn. 1964); *Johnson v. Harper,* 66 F.R.D. 103 (E.D. Tenn. 1975). The trigger for removal was the Summons along with the Complaint and Demand for Jury Trial served upon Cellular Sales on August 28, 2015. *See* Summons, attached as part of Exhibit "A".

C.    Cellular Sales has served upon Plaintiff this Notice of Removal and attached exhibits, as required by 28 U.S.C. § 1446(d).

D.    Cellular Sales has filed with the Clerk of the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, this Notice of Removal and attached exhibits, as required by 28 U.S.C. § 1446(d).

E.    By preponderance of evidence, the amount in controversy exceeds jurisdictional requirement pursuant to 28 U.S.C. § 1332. *Williams v. Best Buy,* 269 F.3d 1316 (11th Cir. 2001). Court's analysis focuses on how much is in controversy at the time of removal, no later. *Pretka v. Kolter City Plaza II, Inc.* 608 F.3d 744, 751 (11th Cir. 2010).*See Wilt v. Depositors Ins. Co.,* No. 6:13-CV-1502-ORL-36, 2013 WL 6195768, at *1 (M.D. Fla. Nov. 26, 2013) (citing *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061–62 (11th Cir. 2010)).

F.      A short and concise statement of the grounds for removal is set forth below.

## II.    Grounds For Removal

1.      Plaintiff, Amanda Zabic, commenced this action on August 26, 2015, in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, bearing case number 15-CA-007837.

2.      On August 28, 2015, Plaintiff served Cellular Sales through its Registered Agent with a summons and a copy of the Complaint and Demand for Jury Trial.  A copy of the summons served is included in Exhibit "A".

3.      On August 28, 2015 Plaintiff served Verizon Wireless Services, LLC, through its Registered Agent with a summons and a copy of the Complaint and Demand for Jury Trial. A copy of the summons served is included in Exhibit "A".

4.      Upon information and belief, Plaintiff is a citizen of the State of Florida. *See* Exhibit "B"[2].

5.      Cellular Sales is a Tennessee corporation with its principal place of business in Knoxville, Tennessee, and was not at the time of the commencement of said action, or at any time thereafter, a citizen of the State of Florida for purposes of 28 U.S.C. §1332. *See* Exhibit "C"[3].

6.      Verizon Wireless Services, LLC, is a Delaware corporation with its principal place of business in Basking Ridge, New Jersey and was not at the time of the commencement of said action, or at any time thereafter, a citizen of the State of Florida

[2] Exhibit "B" / Plaintiff's Proof of Citizenship
[3] Exhibit "C" / Defendant's Citizenship Documents

for purposes of 28 U.S.C. § 1332. *See* Exhibit "C". Defendant, Verizon Wireless Services, LLC, consents to this removal.

7.    Plaintiff's counsel has demanded $150,000 to settle the case. *See* January 15, 2015 letter from Attorney Michael W. Gaines to Cellular Sales of Knoxville, Inc., attached as Exhibit "D"[4] at p. 6. Therefore, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as is required for diversity jurisdiction in Federal Court.

13.    As complete diversity existed between Plaintiff and Defendants at the time Plaintiff commenced this action in state court, as complete diversity exists as of the time of the filing of this notice of removal and as the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, this Court has original jurisdiction over this action as defined in 28 U.S.C. § 1332(a)(1).

WHEREFORE, Defendant respectfully requests that the above-styled action be removed from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida to the United States District Court for the Middle District of Florida.

Respectfully submitted, this ___day of September, 2015.

Law Office of Glenn G. Gomer
4350 West Cypress Street, Meridian One, Suite 900
Tampa, FL 33607
Telephone:  (813) 868-8127
Attorney for Defendant, Cellular Sales of Knoxville, Inc.

_____
MELISA L. BODNAR, FBN #0997234
Primary E-mail (eservice only):  TampaLegalMail@libertymutual.com
Secondary E-mail:  Melisa.Bodnar@libertymutual.com

---

[4] Exhibit "D" / January 15, 2015 letter from Attorney Michael W. Gaines to Cellular Sales of Knoxville, Inc.

## CERTIFICATE OF SERVICE

I certify that the foregoing document has been furnished to **Michael W. Gaines, Esquire**, Barry A. Cohen, P.A., 201 E. Kennedy Blvd., Suite 1950, Tampa, FL 33602, Primary E-Mail: mwalsh@tampalawfirm.com; and **Robert J. Alwine, Esquire,** Robert Allen Law, 1441 Brickell Avenue, Suite 1400, Miami, FL 33131 Primary E-Mail: ralwine@robertallenlaw.com, Secondary Email: alopez@robertallenlaw.com; and **Wes E. Henricksen, Esquire,** Robert Allen Law, 1441 Brickell Avenue, Suite 1400, Miami, FL 33131 Primary E-Mail: whenricksen@robertallenlaw.com, Secondary Email: alopez@robertallenlaw.com by e-mail and mail on this 23rd day of September, 2015.

Law Office of Glenn G. Gomer
4350 West Cypress Street, Meridian One, Suite 900
Tampa, FL 33607
Telephone:  (813) 868-8127
Attorney for Defendant, Cellular Sales of Knoxville, Inc.

MELISA L. BODNAR, FBN #0997234
Primary E-mail (eservice only):  TampaLegalMail@libertymutual.com
Secondary E-mail:  Melisa.Bodnar@libertymutual.com

Notice of Removal
Page 5 of 5