IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

ZABIC, AMANDA

        Plaintiff,                           CASE NO.
                                                    Div.

v.

VERIZON WIRELESS SERVICES, LLC, a
foreign limited liability company, and
CELLULAR SALES of KNOXVILLE, INC.,
a foreign corporation,

        Defendants.
_____/

## COMPLAINT

Plaintiff, AMANDA ZABIC, by and through her undersigned attorneys, hereby sues the Defendants, VERIZON WIRELESS, SERVICES, LLC and CELLULAR SALES of KNOXVILLE, INC., and states:

## JURISDICTIONAL ALLEGATIONS

1. This is an action against the Defendants, and each of them, for damages in excess of $15,000.00.

2. At all times material hereto, Plaintiff, AMANDA ZABIC was a resident of Polk County, Florida.

3. At all times material hereto, Defendant, VERIZON WIRELESS SERVICES, LLC ("VERIZON"), is a foreign limited liability company authorized to do business in the State of Florida and conducting substantial business in Hillsborough County.

1

4. At all times material hereto, Defendant, CELLULAR SALES OF KNOXVILLE, INC. ("CSOK") is a foreign corporation authorized to conduct business in the State of Florida under the name of Cellular Sales of Knoxville, Inc. (CSOK).

5. At all times material hereto, CSOK acted as an agent, servant or representative of VERIZON and held itself out to the public as a VERIZON authorized dealer, servicer and retailer.

6. Venue for this action is proper in Hillsborough County, Florida.

## COMMON ALLEGATIONS

7. VERIZON is a major nationwide retailer, provider and servicer of cellular telephones and cellular telephone service, together with related cellular phone equipment and services. VERIZON does business through retail sales and service stores situated throughout the State of Florida and including the location at 110 East Van Fleet Drive in Bartow, Florida.

8. At its retail sales and service locations including the aforementioned store in Bartow, VERIZON, through its authorized dealers, distributors, franchisees, agents or representatives, conducts retail sales of cellular telephones, accessories and cellular telephone service plans to members of the public and also services and repairs customers' existing cellular telephones.

9. CSOK is an authorized dealer, distributor, franchisee, agent or representative of VERIZON that sells, services and advertises VERIZON products and services at 110 East Van Fleet Drive, Bartow, Florida, on behalf of and for the benefit of VERIZON.

10. At all times material hereto, CSOK was an authorized, licensed dealer or distributor of VERIZON products and services, which marketed and sold VERIZON products and services, including VERIZON technical support, using VERIZON computer networks and systems, using

and displaying the VERIZON logo and using and implementing VERIZON marketing and promotional tools, including the use of VERIZON sponsored and approved sales techniques.

11. Neither the business premises nor the employees within the subject VERIZON / CSOK store in Bartow make any material distinction between VERIZON and CSOK: the store and premises are referred to and advertised as a "VERIZON" store; the employees within are referred to and call themselves "VERIZON" employees; the employees wear uniforms and have accessories identifying them as "VERIZON" representatives; and the products and services offered and provided are all "VERIZON" products and services, as opposed to being referred to or considered "CSOK" products or services.

12. For all practical purposes and to members of the public including the Plaintiff, CSOK employees people were, in fact, VERIZON employees and at all times material hereto, were acting as the authorized representatives, employees and agents of Verizon Wireless.

13. At all times material, Joshua Stuart (not a party to this action) was employed as a salesperson and technical consultant by CSOK and was engaged in the business of promoting, demonstrating and selling VERIZON products to members of the public, including Ms. Zabic.

14. At all times material, Gregory Lambert (not a party to this action) was employed as a salesperson and technical consultant by CSOK and was engaged in the business of promoting, demonstrating and selling VERIZON products to members of the public, including Ms. Zabic

15. On or about September 14, 2012, Ms. Zabic, an 18-year old female, went to the VERIZON retail and service store located at 110 East Van Fleet Drive, Bartow, FL for the purpose of having her existing Blackberry cellular phone replaced and upgraded to the new iPhone.

16. Upon arrival at the store, Ms. Zabic was greeted and assisted by employee, Joshua Stuart, who assisted her in getting a replacement for her existing phone.

17. Mr. Stuart provided Ms. Zabic with a new phone and assisted her in transferring data which had been electronically stored in Ms. Zabic's old cellular phone, including photographs and other personal data and information, from her old phone to the new unit.

18. Among the data stored within Ms. Zabic's existing Blackberry cellular phone were a number of photographs of Ms. Zabic in an undressed, or semi-dressed state. These photographs were of a highly personal nature and were intended for the personal and private use of Ms. Zabic and her significant other. At no time prior to Ms. Zabic's visit to VERIZON had these photographs been seen, transmitted or shared by any persons other than Ms. Zabic and her significant other, for whom the photographs were intended.

19. During the sales process and prior to the transfer of any data or photographs from her existing phone at VERIZON, Ms. Zabic was promised and repeatedly assured that all data would be transferred from her old phone to the new unit without the necessity of displaying any of the photographs and without the photographs or other personal information being seen or viewed by VERIZON employees or anyone else.

20. Based on these representations, Ms. Zabic agreed to purchase a new phone from VERIZON and allowed Joshua Stuart to initiate the process of transferring data from her old phone to the new unit.

21. Joshua Stuart was assisted in the data transfer process by co-employee, Gregory Lambert.

22. Ms Zabic was told by Messrs. Stuart and/or Lambert and believed that all of the data and material, including photographs, had been transferred from her old phone to the new phone and that the information had been deleted from her old phone.

4

23.     Ms. Zabic was told by Mr. Stuart and/or Mr. Lambert to leave her old phone because it was required under VERIZON'S privacy and recycling policies and that all of the data and information contained within the phone's storage had been erased.

24.     In reliance on the representations of Mr. Stuart and trusting in the good faith of VERIZON and its employees, Ms. Zabic left her old phone – which she believed to have been emptied of all photos and data in the possession of VERIZON for disposal.

25.     After the data had been transferred from her old phone to the new unit, the sale completed, and leaving her old phone in possession of VERIZON, Ms. Zabic left the store and began using her new phone. The old phone was retained by VERIZON and Messrs. Stuart and Lambert, who again advised Ms. Zabic that all of her information and data had been erased from the old phone and had been transferred to her new phone.

26.     Over a month later, on or about October 18, 2012, a friend and acquaintance of Ms. Zabic's named Joshua Wingate came to the same Van Fleet Avenue VERIZON store to purchase a new phone for himself. Mr. Wingate was assisted by the same employee Joshua Stuart, who had assisted Ms. Zabic over a month earlier. Stuart helped Mr. Wingate pick out a new phone and then assisted Mr. Wingate in transferring the photos and data from Mr. Wingate's old phone to the new phone.

27.     During the course of their interaction, Mr. Wingate and Mr. Stuart began a conversation that meandered into a discussion about the local Beef O'Brady's restaurant and employees there that Wingate and Stuart knew in common. While discussing whether or not Mr. Stuart knew a particular bartender at the Beef O'Brady's, Stuart advised Wingate that one of the Beef O'Brady's waitresses had recently been in the subject VERIZON store and had left some "banging" photographs on her phone, which Stuart and another employee, Gregory Lambert, had

kept for themselves. Stuart then began accessing his desktop computer in the VERIZON store trying to pull up the photos to show Mr. Wingate.

28. When Stuart had trouble finding the file he was looking for, he told Mr. Wingate that the file was in the VERIZON computer, but that he could not locate it at that time. At that point, Mr. Stuart called over another, Gregory Lambert, to assist him. Stuart asked for Lambert's personal cellular phone to show Mr. Wingate. Stuart began scrolling through Lambert's phone until he found the photos he was looking for; whereupon Stuart gave Lambert's phone to Mr. Wingate and began scrolling through the phone, showing Mr. Wingate the photographs he had been looking for. To Mr. Wingate's complete shock and surprise, the images on Mr. Lambert's phone were a number of private and highly personal photographs of a nude, semi-nude and partially clothed Amanda Zabic.

29. While showing the photographs to Mr. Wingate, employees Stuart and Lambert related how they had kept Ms. Zabic's old phone, accessed her personal, private photographs, and then electronically transmitted, transferred, viewed and shared the photographs of Ms. Zabic among themselves, their fellow employees, employees at other VERIZON stores, friends, Ms. Zabic's co-workers at Beef O'Brady's, and countless other or their friends and acquaintances.

30. Mr. Wingate immediately notified Ms. Zabic that the employees at the VERIZON store had her photographs in their possession and were sharing and transmitting her personal private photographs among any number of friends, co-workers, and others.

31. Upon receiving this information from Mr. Wingate, Ms. Zabic realized that the VERIZON employees had not erased the data from her old Blackberry phone as she had been promised and that the employees had instead kept the old phone for the purpose of accessing her private and personal data and that the Defendants, and each of them, through the actions of their

employees, had invaded and stolen the contents of the same and accessed her private photographs. Not only had these enployees accessed Ms. Zabic's personal private photographs, they had transferred and transmitted her photographs to innumerable other persons, including Ms. Zabic's own friends and co-workers.

32. At all times material hereto, Wingate and Lambert were acting within the scope of their employment with CSOK and VERIZON when they viewed, downloaded, posted, transferred and electronically transmitted the private personal photographs of Ms. Zabic.

### *Law Enforcement Involvement*

33. Upon learning of the theft and transmittal of her private personal photographs, Ms. Zabic notified the Bartow Police Department, which immediately launched an investigation and executed a search warrant at the subject VERIZON store located at 110 East Van Fleet Drive, Bartow, Florida.

34. At the subject VERIZON store, police confiscated the cellular telephones of Messrs. Stuart and Lambert as well as their store computers, on which police found the photographs of Ms. Zabic. Both Joshua Stuart and Gregory Lambert were charged and convicted of Offenses against Computer Users, Prohibition of Lewd Acts and Theft.

35. During the course of the criminal investigation, Mr. Lambert also confessed to stealing nude photographs from another VERIZON female customer's cellular telephone on or about September 22, 2012 while employed at the Lakeland, Florida VERIZON store. That victim was unaware that her photos had been stolen but when contacted by law enforcement, she too identified hundreds of personal and private photographs that had been stolen from her at VERIZON.

## COUNT I
### *(Negligence)*

36. At all times material hereto, Defendants, and each of them, had a non-delegable duty to the Plaintiff to deal honestly and fairly and to protect the privacy of personal private information, including photographs, that was entrusted to them based upon the representations of Defendants' employees, agents and representatives for the purposes of completing their retail sales of VERIZON equipment and services. Defendants further had a duty to use reasonable care in the supervision of their employees and duty to monitor and control the actions of their employees for the protection of customers and third parties.

37. Defendants, and each of them, were negligent and breached their duty to the Plaintiff in the following respects:

    A. failure to adequately screen out such undesirables during the hiring process;

    B. failure to provide or conduct training or employee education as to the legal implications of dealing with private, personal information and the consequences of the theft or unauthorized viewing or electronic transmittal of such information;

    C. failure to provide or conduct even rudimentary supervision of its employees or to monitor their interaction with customers;

    D. failure to establish and implement operating rules, procedures, and regulations designed to prevent such occurrences at its retail locations, such as the subject store in Bartow, Florida.

    E. failing to provide adequate training and/or to establish and implement written rules, manuals, regulations, and/or workbooks to govern the behavior and conduct of their employees when personal property is left on the premises or, in the alternative, by failing to provide adequate supervision to enforce any and all such rules, regulations,

8

manuals and/or workbooks and/or the Defendants knew or should have known that the above identified conduct by their employees would subject third parties to an unreasonable risk of harm, physical and emotional damage and distress, and violation of third parties' right to privacy;

F. Failure to take necessary steps to protect the privacy and safety of Defendants' own customers and to ensure that their customers were not compromised and that their privacy and personal rights were not put at risk or violated.

38. As the direct and proximate result of the negligence of the Defendants, Plaintiff, Amanda Zabic, has suffered injury and has been damaged, for which the Defendants are jointly and severally liable. Said damages include, but are not necessarily limited to: mental and psychological injury and trauma, mental and emotional anguish and embarrassment, pain and suffering, invasion of her privacy, damage to her reputation, loss of present and future earnings, loss of earning capacity and loss of the capacity for the enjoyment of life, as well as additional economic damages incurred in her attempts to avoid the trauma of the event, and the aggravation of any pre-existing injuries or conditions. These injuries will continue in the future.

WHEREFORE, Plaintiff, Amanda Zabic, prays for entry of a judgment against the Defendants, jointly and severally, for all damages alleged and identified herein in a sum to be determined by the trier of fact with pre-judgment interest and costs and all other relief to which this Court may deem Plaintiff is entitled. Plaintiff demands trial by jury as to all issues so triable.

## COUNT II
### *Invasion of Privacy*

39. Florida recognizes causes of action for invasion of privacy based on the intrusion by CSOK employees, their appropriation and theft of Ms. Zabic's personal property and private material, and the subsequent public disclosure of her private images. Here, the intrusion and appropriation occurred when VERIZON'S employees stole the personal, private images from Ms. Zabic's phone while she was a trusting customer of the Defendants.

40. Defendants' employees took Ms. Zabic's phone, searched through its contents, and stole the images contained therein for their own benefit and amusement and then electronically transferred and transmitted those images to their friends, co-workers, acquianitances and to Ms. Zabic's friends and co-workers.

41. Defendants' employees acquired Amanda Zabic's private photographs during the course and scope of their employment with VERIZON and CSOK and in the course of their ostensibly assisting Ms. Zabic with the purchase of a new cellular phone for the direct economic benefit of VERIZON and CSOK.

42. Ms. Zabic's pictures were not a public concern and Defendants' employees Stuart and Lambert spread and distributed her private photos among other CSOK employees; other CSOK customers and patrons, like Joshua Wingate; and untold numbers of their friends, associates and family members; who then likely transmitted and distributed the photos among their friends, associates and family members; and so on, and so on, and so on.... On similar facts involving the theft and appropriation of personal photographs from someone else's private cellular phone, the Courts have found such facts sufficient to have stated a cause of action for invasion of privacy by both intrusion and public disclosure of private facts.

43. As the direct and proximate result of the actions of the Defendants by and through their agents, servants, employees and representatives, Plaintiff, Amanda Zabic, has suffered injury and has been damaged, for which the Defendants are jointly and severally liable. Said damages include, but are not necessarily limited to: mental and psychological injury and trauma, mental and emotional anguish and embarrassment, pain and suffering, invasion of her privacy, damage to her reputation, loss of present and future earnings, loss of earning capacity and loss of the capacity for the enjoyment of life, as well as additional economic damages incurred in her attempts to avoid the trauma of the event, and the aggravation of any pre-existing injuries or conditions. These injuries will continue in the future.

WHEREFORE, Plaintiff, Amanda Zabic, prays for entry of a judgment against the Defendants, jointly and severally, for all damages alleged and identified herein in a sum to be determined by the trier of fact with pre-judgment interest and costs and all other relief to which this Court may deem Plaintiff is entitled. Plaintiff demands trial by jury as to all issues so triable.

## COUNT III
## *PUBLIC DISCLOSURE OF PRIVATE FACTS*

43. The actions of the Defendants, via the intentional acts of their agents and employees, acting within the scope of their employment, who utilized their positions with VERIZON and CSOK and not unexpectedly in view of the employees' duties, to enter the private and personal cellular telephone of Plaintiff, and who appropriated, published, transferred and transmitted semi-nude and nude photos and personal information of Plaintiff from her cellular telephone,

11

constitute a highly objectionable type of publicity regarding private information about the Plaintiff.

44. As the direct and proximate result of the actions of the Defendants by and through their agents, servants, employees and representatives, Plaintiff, Amanda Zabic, has suffered injury and has been damaged, for which the Defendants are jointly and severally liable. Said damages include, but are not necessarily limited to: mental and psychological injury and trauma, mental and emotional anguish and embarrassment, pain and suffering, invasion of her privacy, damage to her reputation, loss of present and future earnings, loss of earning capacity and loss of the capacity for the enjoyment of life, as well as additional economic damages incurred in her attempts to avoid the trauma of the event, and the aggravation of any pre-existing injuries or conditions. These injuries will continue in the future.

WHEREFORE, Plaintiff, Amanda Zabic, prays for entry of a judgment against the Defendants, jointly and severally, for all damages alleged and identified herein in a sum to be determined by the trier of fact with pre-judgment interest and costs and all other relief to which this Court may deem Plaintiff is entitled. Plaintiff demands trial by jury as to all issues so triable.

## COUNT IV
### *Theft and Conversion*

45. Defendants' employees stole the personal, private images from her phone while she was a customer of VERIZON and CSOK.

46. Defendants' employees took Ms. Zabic's phone, searched through its contents, and stole the images contained therein, converting them to their own use for their own benefit and amusement.

47. As the direct and proximate result of the actions of the Defendants by and through their agents, servants, employees and representatives, Plaintiff, Amanda Zabic, has suffered injury and has been damaged, for which the Defendants are jointly and severally liable. Said damages include, but are not necessarily limited to: mental and psychological injury and trauma, mental and emotional anguish and embarrassment, pain and suffering, invasion of her privacy, damage to her reputation, loss of present and future earnings, loss of earning capacity and loss of the capacity for the enjoyment of life, as well as additional economic damages incurred in her attempts to avoid the trauma of the event, and the aggravation of any pre-existing injuries or conditions. These injuries will continue in the future.

WHEREFORE, Plaintiff, Amanda Zabic, prays for entry of a judgment against the Defendants, jointly and severally, for all damages alleged and identified herein in a sum to be determined by the trier of fact with pre-judgment interest and costs and all other relief to which this Court may deem Plaintiff is entitled. Plaintiff demands trial by jury as to all issues so triable

## COUNT V
### *Civil Remedies for Criminal Practice - Theft (threefold damages)*

48. In addition to its obvious legal responsibilities based on the invasion of Ms. Zabic's privacy and the theft of her personal property, Defendants also face clear liability under Florida's Civil Remedies for Criminal Practices Act, codified at Florida Statutes §§ 772.104 et seq.

Specifically, §772.11 provides for the award of treble damages based on the theft of Ms. Zabic's photographs, and also allows the recovery of her attorneys' fees and court costs in both the trial and appellate courts. As that statute requires a written demand prior to instituting suit under that section, please consider this our formal demand under §772.11 in the amount set forth below, which must be remitted within thirty (30) days. Under §772.18, the remedy of threefold actual damages is cumulative to any other causes of action does not preclude the victim, Ms. Zabic, from pursuing any of the other remedies for Defendants' acts and omissions as discussed herein.

49. Plaintiff has retained the undersigned counsel to pursue this action and is obligated to pay said attorneys a reasonable fee for their services in connection with the Defendants' actions as described herein. Pursuant to the provisions of §772.11, Defendants' are obligated to pay Plaintiff's attorneys fees.

WHEREFORE, Plaintiff, Amanda Zabic, prays for entry of a judgment against the Defendants, jointly and severally, for treble damages, attorneys' fees, pre-judgment interest and costs and all other relief to which this Court may deem Plaintiff is entitled. Plaintiff demands trial by jury as to all issues so triable.

## COUNT VI
### *Intentional Infliction of Emotional Distress*

50. The actions of the Defendants, by and through their agents, servants, employees and representatives as set forth herein, constitute conduct that is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community.

14

51. As the direct and proximate result of the acts of the Defendants, by and through their agents, servants, employees and representatives, Plaintiff, Amanda Zabic, has suffered injury and has been damaged, for which the Defendants are jointly and severally liable. Said damages include, but are not necessarily limited to: mental and psychological injury and trauma, mental and emotional anguish and embarrassment, pain and suffering, invasion of her privacy, damage to her reputation, loss of present and future earnings, loss of earning capacity and loss of the capacity for the enjoyment of life, as well as additional economic damages incurred in her attempts to avoid the trauma of the event, and the aggravation of any pre-existing injuries or conditions. These injuries will continue in the future.

WHEREFORE, Plaintiff, Amanda Zabic, prays for entry of a judgment against the Defendants, jointly and severally, for all damages alleged and identified herein in a sum to be determined by the trier of fact with pre-judgment interest and costs and all other relief to which this Court may deem Plaintiff is entitled. Plaintiff demands trial by jury as to all issues so triable

### COUNT VII
### *RESPONDEAT SUPERIOR*

52. At all times material hereto, Joshua Wingate and Gregory Lambert were employed by the Defendants to staff the subject retail VERIZON store in Brandon, Florida for the purposes of sales of VERIZON equipment and services and for technical support related to its cellular telephone business.

53. The theft of Ms. ZABIC'S photos and personal information from her cellular telephone occurred during the work day(s) of Messrs. Wingate and Lambert and during the time they were

supposedly being actively supervised by CSOK and VERIZON. The initial contact with Ms. ZABIC by Messrs. Wingate and Lambert was directed by VERIZON, as her patronage of the store was the result of her desire to avail herself of VERIZON'S products and services.

54. Additionally, VERIZON and CSOK supplied Messrs. Wingate and Lambert with the indicia of alleged respectability and trustworthiness by his being outfitted with the VERIZON logos, materials and equipment, making it clear and obvious to the customers and to Ms. ZABIC, that Messrs. Wingate and Lambert were there as representatives of VERIZON, a well-known and respected national company that was in the business of providing cellular telephone services and for whom privacy and security were assured by VERIZON. At all times material, Messrs. Wingate and Lambert were acting for the benefit of VERIZON and CSOK and were in the service of each of the Defendants and their assault on the privacy and security of Ms. ZABIC took place within the time and space limits of Messrs. Wingate's and Lambert's employment with CSOK and with VERIZON.

55. Because Messrs. Wingate's and Lambert's theft and conversion of Ms. ZABIC'S photos and personal information was planned and consummated while they were each in the service of VERIZON and CSOK; because VERIZON and CSOK furnished Messrs. Wingate and Lambert with the information and the means by which their attack on the privacy and security of Ms. ZABIC was accomplished; because Messrs. Wingate and Lambert were dealing and interacting with Ms. ZABIC as the result of being hired and directed to do so by CSOK and VERIZON; and because Messrs. Wingate and Lambert were acting at least in part by a purpose to serve VERIZON as well as CSOK, both Wingate and Lambert were at all times material hereto acting within the course and scope of their employment with CSOK and VERIZON.

56. As the direct and proximate result of the actions of Messrs. Wingate and Lambert undertaken during their employment by or on behalf of the Defendants, Plaintiff, Amanda Zabic, has suffered injury and has been damaged, for which the Defendants are jointly and severally liable. Said damages include, but are not necessarily limited to: mental and psychological injury and trauma, mental and emotional anguish and embarrassment, pain and suffering, invasion of her privacy, damage to her reputation, loss of present and future earnings, loss of earning capacity and loss of the capacity for the enjoyment of life, as well as additional economic damages incurred in her attempts to avoid the trauma of the event, and the aggravation of any pre-existing injuries or conditions. These injuries will continue in the future.

57. VERIZON is responsible for the actions of Messrs. Wingate and Lambert as described herein and for all harm resulting to Ms. ZABIC under respondeat superior.

WHEREFORE, Plaintiff, Amanda Zabic, prays for entry of a judgment against the Defendants, jointly and severally, for all damages alleged and identified herein in a sum to be determined by the trier of fact with pre-judgment interest and costs and all other relief to which this Court may deem Plaintiff is entitled. Plaintiff demands trial by jury as to all issues so triable

### COUNT VIII
### *VICARIOUS LIABILITY*

58. All times material hereto, the conduct and actions of Messrs. Wingate and Lambert in approaching and interacting with Ms. ZABIC were actions that were of the kind that Messrs. Wingate and Lambert were hired by VERIZON to perform.

59. The conduct and actions of Messrs. Wingate and Lambert in approaching and interacting with Ms. ZABIC all took place within the time and space parameters that were both authorized and required by their employment with or on behalf of both CSOK and VERIZON.

60. The conduct and actions of Messrs. Wingate and Lambert in approaching and interacting with Ms. ZABIC were activated at least initially and at least in part, by their purpose to serve both CSOK and VERIZON by selling VERIZON cellular phones and related systems and equipment for the benefit and profit of VERIZON and CSOK.

61. The actions of Messrs. Wingate and Lambert as described herein were at all times substantially aided and were made possible because of their status as employees or representatives of VERIZON and CSOK and because of their relationship as VERIZON and CSOK servants, agents or employees.

62. As the direct and proximate result of the actions of Messrs. Wingate and Lambert undertaken during their employment by or on behalf of the Defendants, Plaintiff, Amanda Zabic, has suffered injury and has been damaged, for which the Defendants are jointly and severally liable. Said damages include, but are not necessarily limited to: mental and psychological injury and trauma, mental and emotional anguish and embarrassment, pain and suffering, invasion of her privacy, damage to her reputation, loss of present and future earnings, loss of earning capacity and loss of the capacity for the enjoyment of life, as well as additional economic damages incurred in her attempts to avoid the trauma of the event, and the aggravation of any pre-existing injuries or conditions. These injuries will continue in the future.

63. Defendants, are vicariously liable and responsible for the actions of Messrs. Wingate and Lambert as described herein and for all harm resulting to Ms. ZABIC.

WHEREFORE, Plaintiff, Amanda Zabic, prays for entry of a judgment against the Defendants, jointly and severally, for all damages alleged and identified herein in a sum to be determined by the trier of fact with pre-judgment interest and costs and all other relief to which this Court may deem Plaintiff is entitled. Plaintiff demands trial by jury as to all issues so triable

Dated: August 26, 2015

Respectfully Submitted,

*/s/ Michael W. Gaines*
MICHAEL W. GAINES, ESQ.
Florida Bar No. 775614
BARRY A. COHEN, ESQ.
Florida Bar No. 0096478
**BARRY A. COHEN, P.A.**
201 E. Kennedy Boulevard, Suite 1950
Tampa, Florida 33602
Work: (813) 225-1655; Fax: (813) 225-1921
bcohen@tampalawfirm.com
mgaines@tampalawfirm.com
mwalsh@tampalawfirm.com
jhalle@tampalawfirm.com
Attorneys for Plaintiff